## CASE No. 870.

### BALLE v. MOSELEY.

A complaint cannot be held on demurrer to be defective in not stating facts sufficient to constitute a cause of action, because that it contains no prayer for relief.

Before WALLACE, J., Laurens, February, 1880.

The case is fully stated in the opinion of the court. Defendant appealed from the order of the Circuit judge, holding the complaint to be sufficient to sustain a judgment.

*Messrs. Pope & Watts,* for appellants, cited *Code,* § 165; 20

*How. Pr.* 184; 24 *Ib.* 313; 19 *Abb.* 449; 1 *Rob.* 87; 2 *Ib.* 56; 15 *Abb.* 352.

*Mr. James Farrow,* contra.

The requisites of a complaint (*Code,* § 165,) as to demand for relief, is applicable only to cases in which a defendant does not answer. *Sec.* 299; 5 *S. C.* 8; 6 *S. C.* 130; 2 *Abb. Forms* 8, *note.* The demurrer here is not sustainable. 1 *Abb. Forms* 112, 113, *note h.* The relief awarded to plaintiff may be any consistent with the case made by the complaint and embraced within the issue. *Code,* § 299; 2 *Wait's Pr.* 306; *Bliss' Code Pl.,* § 404. Whether demanded or not. *Bliss' Code Pl.,* § 161; *Voorh. Code* 425, *a.* Liberality of code in furtherance of justice. *Secs.* 182, 192, 193, 196, 199; *Bliss' Code Pl.,* § 442; 2 *Wait's Pr.* 312. If it is a defect, the objection should have been raised on motion and before answer. 6 *S. C.* 137; 2 *Wait's Pr.* 334; *Voorh. Code* 202; *Bliss' Code Pl.,* §§ 420, 435, 436, 442. And if well raised by demurrer, plaintiff should have leave to amend. *Code,* §§ 192, 193; *Voorh. Code* 262, *h.*

May 3d, 1880. The opinion of the court was delivered by

McIVER, A. J. This action was brought to recover damages for a trespass alleged to have been committed by defendant in causing a bale of cotton to be taken from the possession of the plaintiff. The complaint, which is set out in the brief, alleges that the plaintiff was the owner and entitled to the immediate possession of the bale of cotton; that defendant caused the same to be seized and taken from the possession of the Laurens Railroad Company, with whom it had been deposited by the plaintiff, and concludes in these words: "That the defendant, having obtained the possession of the said bale of cotton, did cause the said sheriff to sell the same as under a lien warrant, and thereby said defendant unlawfully converted and disposed of the same to his own use, to the damage of the plaintiff one hundred dollars." The defendant "answered the complaint as to the merits," but whether by a general denial or by alleging matters justifying the seizure, does not appear, nor is it important.

At the trial the defendant interposed the objection, by way of

demurrer, that the complaint did not state facts sufficient to constitute a cause of action, the only omission claimed being that the complaint contained no demand for relief. Even conceding that the complaint is defective in not concluding with a *formal* demand for relief, the practical question in this case is, whether such defect rendered it amenable to the objection that the complaint does not state facts sufficient to constitute a cause of action. The demand for relief is not part of the cause of action, (*Pom. on Rem.*, § 580, *p.* 630,) and, therefore, any defect in the form of such demand does not constitute any ground for the demurrer interposed in this case. 2 *Wait's Pr.* 452–3. It does not appear that any *fact* is omitted which is necessary to constitute the plaintiff's cause of action, and until this does appear there is no ground upon which a demurrer under sub-division 6 of Section 167 of the code, could be sustained. If the complaint is defective in that it does not comply with the requisites prescribed by sub-divisions 1 and 3 of Section 165 of the code, such defects afford no grounds for the demurrer interposed here ; for that is the appropriate remedy only where the defect complained of is the omission to state facts sufficient to constitute a cause of action.

In pursuance of these views the judgment of this court has already been entered, affirming the judgment of the Circuit Court.

WILLARD, C. J., and McGOWAN, A. J., concurred.